# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **RALPH GLASS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12CV00025 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **ASHLEY BAQUERO, M.D.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Robert H. Hovis, III, Annandale, Virginia, for Plaintiff; Sean P. Byrne and Meredith M. Brebner, Hancock, Daniel, Johnson & Nagle, P.C., Glen Allen, Virginia, for Defendant.*

For the reasons stated, I will grant the plaintiff in this medical malpractice action a voluntary dismissal without prejudice, but upon the condition that the plaintiff's cause of action not proceed in any courts other than the Virginia state courts. In addition, I will deny attorneys' fees and costs to the defendant.

I

In his Complaint, the plaintiff, Ralph Glass, contends that the defendant, Ashley Baquero, M.D., breached the professional standard of care in connection with a laparoscopic cholecystectomy — removal of the gallbladder — performed by Dr. Baquero at the Smyth County Community Hospital (the "Hospital") on

April 20, 2010.  Prior to the suit in this court, Glass sued Dr. Baquero and the Hospital in the Circuit Court of Smyth County, Virginia, but took a voluntary nonsuit of that case prior to trial as a matter of right under Virginia law.  *See* Va. Code Ann. § 8.01-380 (2007).  After the case was filed in this court, Glass filed a third suit in Smyth County over the surgery, this time naming only the Hospital as a defendant, asserting liability as Dr. Baquero's employer.  Glass is a citizen of Virginia and Dr. Baquero is now a citizen of North Carolina, permitting federal diversity subject-matter jurisdiction.  The Hospital is a citizen of Virginia, and accordingly the Hospital could not be joined in the suit against Dr. Baquero in this court.

The state court suit against the Hospital has now been set for trial.  Glass has filed a motion seeking to voluntarily dismiss this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2).  The earlier nonsuit in state court was apparently prompted by an adverse ruling by the trial judge on a discovery issue and it appears that the latest case has been assigned to a different judge.

Dr. Baquero objects to any dismissal without prejudice, and in addition requests an award of costs.  The issues have been briefed and are ripe for decision.

II

Both parties agree that this action should be dismissed and that the action currently pending in the Circuit Court of Smyth County should proceed. Glass requests a dismissal without prejudice so that the state court action can continue unaffected. Dr. Baquero asks me to dismiss this action with prejudice to prevent Glass from filing yet another suit against him. A dismissal with prejudice, however, "operates as *res judicata* and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff." *Lambert v. Javed*, 641 S.E.2d 109, 110 (Va. 2007) (internal quotation marks and citation omitted). *See also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001) (when federal court with diversity jurisdiction dismisses action with prejudice, the law of the forum state determines whether the dismissal has preclusive effect).

Federal Rule of Civil Procedure 41(a)(2) authorizes me to order a voluntary dismissal "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In addition to permitting dismissal either with or without prejudice, the rule "also allows the district court to dismiss the plaintiff's action without prejudice but with conditions that the plaintiff must satisfy, and to specify that the dismissal will become prejudicial if the plaintiff fails to satisfy the conditions." *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471 (4th Cir. 1993). "[D]ecisions

regarding the conditions of dismissal are addressed to the sound discretion of the district court." *Schewel Furniture Co. v. Warranty Corp. of Am., Inc.*, No. 91-1637, 1992 WL 172681, at *2 (4th Cir. July 22, 1992) (unpublished).

I will grant Glass's motion for voluntary dismissal without prejudice so that the Smyth County action may proceed, as both parties desire. However, to protect Dr. Baquero from the possibility of having to defend against additional future suits arising out of his medical services to Glass, the dismissal of this action without prejudice will be upon the condition that Glass not institute or pursue any action against any party arising out of the same operative facts in any court other than the Virginia state courts. Should Glass institute or pursue such an action in any other court, the dismissal of this action will automatically become prejudicial.

Dr. Baquero also requests an award of attorneys' fees under 28 U.S.C.A. § 1927 (West 2006 & Supp. 2012) and an award of the costs of the prior state court action pursuant to Federal Rule of Civil Procedure 41(d). Section 1927 provides, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C.A. § 1927. Attorneys' fees under § 1927 may only be awarded where the attorney to be sanctioned acted in bad faith. *McKenzie v. Norfolk S. Ry.,* 497 F. App'x 305, 311 (4th Cir. 2012) (unpublished). Mere negligence is insufficient.

*Thomas v. Ford Motor Co.*, 244 F. App'x 535, 539 (4th Cir. 2007) (unpublished). While the course of this litigation has been tortuous and unconventional, I find that the defendant has not established the kind of subjective bad faith that would warrant sanctioning Glass's counsel under § 1927. Therefore, I will deny Dr. Baquero's motion for attorneys' fees.

Rule 41(d) provides, in relevant part, "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." Fed. R. Civ. P. 41(d). A trial court has broad discretion to grant or deny an award under the rule. *See, e.g.*, *Esposito v. Piatrowski*, 223 F.3d 497, 499 (7th Cir. 2000); *Hython v. City of Steubenville*, Nos. 95-3629, 95-3669, 1996 WL 456032, at *1 (6th Cir. Aug. 12, 1996) (unpublished). Dr. Baquero has moved for an award of his costs to defend *this* action, but the rule provides only for payment of the costs of the *previous* action. Moreover, much of the expense in defending the first state court action will likely be of value in defending the state court action that is currently pending. Therefore, I find that an award of costs under Rule 41(d) is inappropriate in this case.

III

For the foregoing reasons, I will grant Glass's Motion for Voluntary Dismissal without Prejudice on the condition that his cause of action not proceed in any courts than the Virginia state courts. I will deny Dr. Baquero's Motion to Dismiss, and I will deny his motions for attorneys' fees and costs. A separate order will enter herewith.

DATED: April 22, 2013

/s/ James P. Jones
United States District Judge